1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JULIUS M. ENGEL,                          No.  2:24-cv-02479-DJC-CKD PS

12              Plaintiff,

13        v.                                   ORDER DENYING PLAINTIFF'S MOTION
                                               FOR SANCTIONS
14   PARAGON SYSTEMS, INC., et al.,
                                               FINDINGS & RECOMMENDATIONS
15              Defendants.                    GRANTING DEFENDANTS' MOTIONS TO
                                               DISMISS & DENYING PLAINTIFF'S
16                                             MOTION FOR SUMMARY JUDGMENT
                                               AND MOTION FOR DEFAULT
17

18        Plaintiff Julius M. Engel proceeds in this civil action without counsel.  This matter is

19   before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

20        Plaintiff filed the initial action in the Sacramento Superior Court on July 11, 2024. (*See*

21   ECF No. 1-1 at 2.)  Defendants Federal Protective Service ("FPS"); Department of Homeland

22   Security ("DHS"); and Social Security Administration ("SSA") removed this action to federal

23   court under 28 U.S.C. § 1442(a)(1) on September 11, 2024.  (ECF No. 1.)  Presently before the

24   Court is defendants Paragon Systems, Inc.; Debra Harris; and Steven O'Connor's ("Paragon

25   defendants") motion to dismiss plaintiff's complaint (ECF No. 5), and defendants FPS; DHS;

26   SSA; Richard Castrellon; Robert Marquez; and Sheila Sharma's ("Federal defendants") motion to

27   dismiss (ECF No. 21).  The Court took both matters under submission without oral argument

28   pursuant to Local Rule 230(g).  (ECF Nos. 11, 26.)  Plaintiff has also filed a motion for summary

                                          1

judgment and motion for default (ECF No. 9), a motion for sanctions (ECF No. 30), and a motion to strike and supplement the motion for sanctions (ECF No. 35).  The motion for sanctions was taken under submission without oral argument pursuant to Local Rule 230(g).  (ECF No. 43.)

For the reasons set forth below, the complaint fails to state a claim against the moving defendants.  The defendants' motions to dismiss (ECF Nos. 5, 21) should be GRANTED, and the claims against them in the complaint dismissed.  Accordingly, plaintiff's motion for summary judgment and motion for default (ECF No. 9) should be DENIED as moot.  Plaintiff's motion for sanctions (ECF No. 30) is DENIED.

### I.    Procedural Background

Plaintiff filed his complaint in Sacramento Superior Court on July 11, 2024.  (ECF No. 1-1 at 2.)  On September 11, 2024, defendants FPS, DHS, and SSA removed this action to this Court pursuant to 28 U.S.C. § 1442(a)(1) because these defendants are federal agencies.  On September 18, 2024, the Paragon defendants filed a motion to dismiss and a request for judicial notice. (ECF Nos. 5, 6.)  Plaintiff opposed the motion, and at the same time filed a motion for summary judgment and motion for default judgment.  (ECF No. 9.)  The Paragon defendants filed a reply to plaintiff's opposition (ECF No. 10), filed an opposition to the motion for default judgment (ECF No. 12), and objections to plaintiff's motion for summary judgment (ECF No. 12).  Plaintiff filed a reply to the motion for summary judgment and a supplement to his reply. (ECF Nos. 15, 17, 18.)

On November 18, 2024, the federal defendants filed a motion to dismiss plaintiff's complaint.  (ECF No. 21.)  This motion is fully briefed.  (ECF Nos. 22, 24.)  On January 6, 2025, plaintiff filed a motion for sanctions (ECF No. 30) and then filed a motion to strike and supplement the motion for sanctions (ECF No. 35).  This motion is fully briefed.  (ECF Nos. 37, 38, 41.)

### II.    Allegations in the Complaint

Plaintiff brings this action against the Federal and Paragon defendants, and also against John Hodek, Darin Biggers, Fidel Realyvasquez, Jr., and Sacramento Occupational Medical Group.  Defendants John Hodek, Darin Biggers, Fidel Realyvasquez, Jr., and Sacramento

Occupational Medical Group have not appeared in the case. (*See* Docket.)  Plaintiff brings claims for conspiracy, breach of contract/settlement agreement, tortious interference with contract, constructive wrongful discharge, interference with economic advantage, violation of due process, fraud, violation of HIPPA, elder abuse, assault and battery, violation of the First Amendment, age discrimination, racial discrimination, whistleblower retaliation, and ratification against all defendants.  (ECF No. 1-1 at 2.)  Plaintiff brings these claims against individual defendants Castrellon and Marquez in their official and individual capacities.

Plaintiff alleges that he was "employed as a PSO (protective service officer) by FPS" and that "Paragon provided ancillary services for FPS such as payroll and scheduling and issuing equipment."  (ECF No. 1-1 at ¶ 1.)  Paragon replaced the company Triple Canopy.  (*Id.* at ¶ 2.)  Plaintiff alleges that he won a bid for a position at the Yuba City, California Social Security office.  (*Id.* at ¶ 17.)  Plaintiff claims that he filed a complaint with the EEOC in October 2022 against defendants Castrellon and Marquez who are allegedly FPS officers.  (*Id.* at ¶ 18.)  Later that month, plaintiff was put on administrative leave without pay.  (*Id.*)  Plaintiff had to undergo multiple exams to determine if he was fit for duty.  (*Id.* at ¶¶18, 19.)

Plaintiff was examined at Sacramento Occupational Medical Group by Dr. Vasquez.  (*Id.* at ¶ 20.)  Plaintiff states that he had multiple tests conducted by Dr. Vasquez and alleges that Dr. Vasquez improperly administered the tests or doctored the results so plaintiff would not pass. (*See id.* at ¶¶ 20-30.)

Plaintiff further alleges that in April 2023, he entered into a contract with Paragon stating that if he passed the fitness for duty exam, he would be allowed to return to work.  (*Id.* at ¶ 31.)  Plaintiff alleges that he has exhausted his administrative remedies through the EEOC case.  (*Id.* at ¶ 33.)

### III.    Requests for Judicial Notice

The Paragon defendants have filed two requests for judicial notice.  One request is in support of their motion to dismiss (ECF No. 6) and one is in support of their opposition to plaintiff's motion for default judgment (ECF No. 13)  On a motion to dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a

1    complaint, or documents subject to judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908

2    (9th Cir. 2003).  Federal Rule of Evidence 201 permits courts to take judicial notice of factual

3    material "(1) generally known within the trial court's territorial jurisdiction; or (2) can be

4    accurately and readily determined from sources whose accuracy cannot reasonably be

5    questioned."  Fed. R. Evid. 201(b).

6        In their first request supporting their motion to dismiss, the Paragon defendants state they

7    are requesting to take judicial notice of plaintiff's complaint which they have included in the

8    request.  (ECF No. 6-1.)  However, the complaint attached to the request is not the same

9    complaint filed in this Court and is against different defendants.  The Paragon defendants have

10   not explained why they are requesting judicial notice of this complaint.  Because it does not

11   appear relevant to this case, the Paragon defendants' request for judicial notice (ECF No. 6) is

12   DENIED.  The Court will not consider this filing when deciding the pending motions.

13       Relatedly, plaintiff filed a motion to strike this exhibit to the Paragon defendants' motion.

14   (ECF No. 35.)  Because the request for judicial notice is denied and the Court will not consider

15   the complaint from a different case, plaintiff's motion to strike is DENIED AS MOOT.

16       The Paragon defendants also filed a request for judicial notice supporting their opposition

17   to plaintiff's motion for default judgment.  As discussed below, the Court recommends denying

18   the motion for default judgment as moot.  Therefore, the Court will not address this request for

19   judicial notice.  The Paragon defendants' request for judicial notice (ECF No. 13) is DENIED AS

20   MOOT.

21   **IV.    Legal Standards**

22       **A.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

23       Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory

24   or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica*

25   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  In evaluating whether a complaint states a claim

26   on which relief may be granted, the court accepts as true the allegations in the complaint and

27   construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*,

28   467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court normally must construe a pro se pleading liberally to determine whether it states a claim and, before dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *accord Balistreri*, 901 F.2d at 699 (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard in *Iqbal*). However, the Federal defendants state that plaintiff is not entitled to a liberal pleading standard because he is a former attorney. (ECF No. 21-1 at 7.) Even as a disbarred attorney, plaintiff is not entitled to a liberal pleading standard. *Huffman v. Lindgren*, 81 F.4th 1016, 1020-21 (9th Cir. 2023) (declining to extend a liberal pleading standard to pro se attorneys); *see Valvanis v. Milgroom*, 2008 WL 542420, at *8 (D. Hawai'i Dec. 30, 2008). Courts need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### B. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Fam. Worldwide, Inc.*, 328

1  F.3d 1136, 1139 (9th Cir. 2003).  Thus, a jurisdictional challenge can be either facial or factual.

2  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

3  In a facial attack, the moving party asserts that the allegations contained in the complaint

4  are insufficient on their face to invoke federal jurisdiction.  *Safe Air for Everyone v. Meyer*, 373

5  F.3d 1035, 1039 (9th Cir. 2004).  When evaluating a facial attack, the court must accept the

6  factual allegations in the plaintiff's complaint as true.  *Whisnant v. United States*, 400 F.3d 1177,

7  1179 (9th Cir. 2005).

8  A federal district court generally has jurisdiction over a civil action when: (1) a federal

9  question is presented in an action "arising under the Constitution, laws, or treaties of the United

10  States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds

11  $75,000.  28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim,

12  which requires an injury in fact caused by defendant(s) that may be redressed in court.  *Harrison*

13  *v. Kernan*, 971 F.3d 1069, 1073 (9th Cir. 2020).

14  **C.  Leave to Amend**

15  If the court finds that a complaint or claim should be dismissed for failure to state a claim,

16  the court has discretion to dismiss with or without leave to amend.  *See Davis v. Miranda*, 2020

17  WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020).  Leave to amend should be freely granted when

18  justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the

19  complaint could be corrected, especially if a plaintiff is pro se, *Lopez*, 203 F.3d at 1130-31; *Cato*

20  *v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

21  amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

22  the deficiencies of the complaint could not be cured by amendment." (citation omitted)).

23  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,

24  the court may dismiss without leave to amend.  *Cato*, 70 F.3d at 1105-06; *Cal. Architectural*

25  *Bldg. Prod. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons

26  for denying leave to amend include undue delay, bad faith, prejudice, and futility.").  The Court

27  will address whether plaintiff has leave to amend each individual claim.

28  ////

## V.    Discussion

### A.  Non-Served Defendants

Plaintiff names John Hodek, Darin Biggers, Fidel Realyvasquez, Jr., and Sacramento Occupational Medical Group as defendants to this action.  (ECF No. 1-1 at 2.)  A review of the docket reveals that none of these defendants have been served despite the operative complaint having been removed to this Court on September 11, 2024.  Plaintiff had 90 days in which to properly serve all defendants.  *See* Fed. R. Civ. P. 4(m); *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017).  That time has long since passed and the non-served defendants should be dismissed.

Additionally, because all of plaintiff's claims fail as a matter of law, the motion to dismiss will apply equally to these defendants who stand in the same position of liability as the appearing defendants.  *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) (dismissing with prejudice non-served defendants who were in a similar position to other defendants and where plaintiff could not allege essential elements of the action applicable to all defendants).  This includes defendants Hodek and Biggers who are allegedly protective security officers.  (ECF No. 1-1 at ¶¶ 10, 11.)

### B.  42 U.S.C. § 1983 Standards

42 U.S.C. § 1983 provides a cause of action for the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States by a person acting "under color of any statute . . . ."  *Gomez v. Toledo*, 446 U.S. 635, 638 (1980).  Section 1983 claims must demonstrate the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024).  A supervisor may not be held individually liable under § 1983 unless he is personally involved in a constitutional deprivation or there exists a "sufficient causal connection" between the supervisor's wrongful conduct and the constitutional deprivation. *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018).

### C.  Federal Defendants' Motion to Dismiss (ECF No. 21)

The Federal defendants move to dismiss plaintiff's claims for lack of subject matter

jurisdiction, because of sovereign immunity, and for failure to state a claim. Plaintiff brings all claims against all Federal defendants. Plaintiff brings the claims against Harris and O'Connor in their official and individual capacities.

### 1. Sovereign Immunity

Claims against the United States and its agencies are generally barred by the doctrine of sovereign immunity. *See Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001). A lawsuit against an agency of the United States (or against an officer of the United States in his or her official capacity) is considered an action against the United States. *See id.*; *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the Department of Justice). As a sovereign, the United States is immune from suit unless it has waived that immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The burden to show that sovereign immunity has been waived is on the party bringing the suit. *Plater v. United States*, 359 F.Supp.3d 930, 937 (C.D. Cal. 2018) (citing *Beals v. U.S. Dep't of Justice*, 460 F. App'x 773, 775 (10th Cir. 2012)).

### 2. Plaintiff's Tort Claims

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the government's sovereign immunity for certain tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). As a jurisdictional prerequisite, however, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Specifically, a lawsuit cannot be instituted upon a claim against the United States for money damages for an employee's "negligent or wrongful act" unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. *McNeil*, 508 U.S. at 113.

The Federal defendants first argue that plaintiff's tort claims against FPS, DHS, SSA, Castrellon, Marquez, and Sharma should be dismissed, and the United States substituted for each

1    as the defendant because the United States is the only proper defendant under the FTCA.  (ECF

2    No. 21-1 at 4.)  Because plaintiff cannot maintain any of his FTCA claims, substitution would be

3    futile, and the FTCA claims should be dismissed without leave to amend.  *See Hassel v. DHCS*

4    *Medi-Cal Program Beneficiary Servs.*, 2015 WL 4940833, at *3-4 (N.D. Cal. Aug. 19 2015).

5            Plaintiff brings the following tort claims against the Federal defendants:  tortious

6    interference with contract, interference with economic advantage, and assault and battery.

7    Plaintiff's tort claims could proceed against the agency Federal defendants and the individuals in

8    their official capacity under the FTCA's limited waiver of sovereign immunity.  However,

9    plaintiff cannot proceed under the FTCA at all unless he has already exhausted his administrative

10   remedies by receiving a final denial of his claims, in writing, from either FPS, DHS, or SSA. *See*

11   28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113.  Plaintiff nowhere alleges or otherwise indicates

12   that he has received such a denial, and therefore he has not satisfied the jurisdictional prerequisite

13   for suit.[1]  In their motion to dismiss, the Federal defendants state that FPS and DHS have no

14   record that plaintiff filed any administrative claim.  (ECF No. 21-1 at 5; ECF No. 21-3 at ¶¶6-7

15   (Declaration of Frank R. Levi).)  This court therefore lacks subject-matter jurisdiction over

16   plaintiff's tort claims against the agency Federal defendants and the individual Federal defendants

17   in their official capacity due to sovereign immunity.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475

18   (1994) ("Sovereign immunity is jurisdictional in nature.").  Plaintiff's tort claims against the

19   Federal defendants should be dismissed without leave to amend as amendment would be futile.

20   *Cato*, 70 F.3d at 1105-06.

21                   **3.  Plaintiff's 42 U.S.C. § 1983 Claims**

22           Plaintiff alleges causes of action against the Federal defendants for violation of his due

23   process rights under the Fifth and Fourteenth Amendments, and for violation of his First

24   Amendment rights.  (ECF No. 1-1 at ¶¶40, 45.)  Plaintiff's constitutional claims against the

25   agency Federal defendants and the individual Federal defendants in their official capacity are

26

27   [1]  Plaintiff alleges that he filed a complaint with the Equal Employment Opportunity Commission.
     (ECF No. 1-1 at ¶ 33.)  This does not satisfy the exhaustion requirement under the FTCA because
28   the claim was not filed with FPS, DHS, or SSA.

1    barred by sovereign immunity. *See Thomas–Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir.

2    1988) ("[T]he United States has not waived its sovereign immunity in actions seeking damages

3    for constitutional violations."); *see also Meyer*, 510 U.S. at 486 (declining to recognize a direct

4    action for damages against federal agencies).

5         Plaintiff's constitutional claims against the individual Federal defendants should also be

6    dismissed. Federal officials acting under federal authority are generally not considered state

7    actors, however they may be liable under § 1983 if they conspired with or acted in concert with

8    state officials. *Cabrera v. Martin*, 973 F.2d 735, 742 (9th Cir. 1992); *see also Gibson v. United*

9    *States*, 781 F.2d 1334, 1343 (9th Cir. 1986) ("Federal officers acting under federal authority are

10   immune from suit under section 1983 unless the state or its agents significantly participated in the

11   challenged activity."). Here, as discussed below, plaintiff has not adequately alleged that any of

12   the defendants are state actors. Therefore, the Federal defendants' motion to dismiss plaintiff's

13   constitutional claims should be granted and plaintiff's claims against all Federal defendants

14   dismissed without leave to amend as amendment would be futile. *Cato*, 70 F.3d at 1105-06

15        In plaintiff's opposition to the Federal defendants' motion to dismiss, he states that he was

16   bringing a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

17   403 U.S. 388 (1971). (ECF No. 22 at 11.) This claim was not evident from plaintiff's complaint.

18   However, even if it was, a *Bivens* action would also fail. *Bivens* allows individuals to bring

19   monetary damages suits against federal employees in the individual capacities for alleged

20   constitutional violations under limited circumstances. *See Egbert v. Boule*, 596 U.S. 482, 490

21   (2022). Plaintiff has not sufficiently alleged that any federal employees violated constitutional

22   law.

### 4. Plaintiff's 42 U.S.C. 2000d Claim Against Federal Defendants

24        Plaintiff brings a claim under 42 U.S.C. § 2000d against all defendants. (ECF No. 1-1 at

25   23.) In his opposition to the Federal defendants' motion to dismiss, plaintiff alleges that

26   defendants Castrellon and Marquez harassed him and mocked him because of his age. (ECF No.

27   22 at 4-6.) Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United

28   States shall, on the ground of race, color, or national origin, be excluded from participation in, be

1    denied the benefits of, or be subjected to discrimination under any program or activity receiving

2    Federal financial assistance."  42 U.S.C. § 2000d.  As defined in Title VI, the term "program or

3    activity" includes "the operations of" state or local government departments or instrumentalities,

4    colleges or certain systems of higher education, corporations or other private organizations, or a

5    combination of two or more of the foregoing entities.  *See* 42 U.S.C. § 2000d-4a.  The statutory

6    definition does not, however, include the operations of federal agencies, and courts have

7    consistently held that "Title VI does not apply to programs conducted directly by federal

8    agencies."  *Halim v. Donovan*, 951 F. Supp. 2d 201, 207 (D.D.C. 2013) (citation omitted); *see*

9    *also, e.g.*, *Colen v. United States*, 2008 WL 2051697, at *15 (C.D. Cal. May 12, 2008), *aff'd*, 368

10   F. App'x 837 (9th Cir. 2010) (collecting cases finding no private right of action under Title VI

11   against a federal entity).

12          Moreover, other courts have held that Title VI does not apply to individual defendants

13   sued in their individual capacities.  *See Shotz v. City of Plantation*, 344 F.3d 1161, 1169 (11th

14   Cir. 2003) (noting courts "have generally concluded that individuals may not be held liable for

15   violation of Title VI because it prohibits discrimination only by recipients of federal funding");

16   *see also Santos v. Merritt Coll.*, 2008 WL 2622792, at *2 (N.D. Cal. July 1, 2008) (dismissing

17   Title VI claim against individual defendant; collecting cases holding individual defendants not

18   subject to suit under Title VI).

19          Therefore, the Federal defendants' motion to dismiss plaintiff's claim under 42 U.S.C.

20   § 2000d should be granted and plaintiff's claim dismissed without leave to amend as amendment

21   would be futile.  *Cato*, 70 F.3d at 1105-06

22                          **5.  Plaintiff's 29 U.S.C. § 623 Claim**

23          Plaintiff brings a claim for age discrimination under the Age Discrimination in

24   Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, against all defendants.  Plaintiff alleges

25   defendants harassed him and forced him to take several unnecessary fitness exams.  (ECF No. 1-1

26   at ¶ 46.)  The Federal defendants argue that plaintiff is not an employee of FPS of DHS.

27          The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any

28   individual or otherwise discriminate against any individual . . . because of such individual's age."

29 U.S.C. § 623(a)(1).  Individual defendants cannot be held liable under ADEA.  *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587-88 (9th Cir.1993).  To establish a prima facie case of age discrimination under the disparate treatment theory under the ADEA, plaintiff must show that he: (1) was a member of the protected class (aged 40 or older); (2) was performing his job satisfactorily; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or inferior qualifications or some other circumstances that would lead to an inference of age discrimination.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990).

Here, plaintiff alleges that he was an employee of FPS and DHS.  (ECF No. 1-1 at ¶¶ 2, 16.)  Plaintiff states that Paragon is a service provider to DHS and FPS.  (*Id.* at ¶ 2.)  Plaintiff then alleges that "at all times" plaintiff "was a tenured employee" of Paragon (*id.* at ¶ 14), but also states that Plaintiff is a "tenured four-year employee of FPS/DHS administrative services provided by" Paragon (*id.* at ¶ 16).  Plaintiff alleges that Triple Canopy, which was Paragon's predecessor-in-interest, provides security as a contractor for DHS.  (*Id.* at ¶ 17.)  The Federal defendants have demonstrated that plaintiff was not an employee of FPS or DHS.  (ECF No. 21-1 at 6-7.)  There are no personnel records showing the plaintiff was employed by either agency, and plaintiff has included an employment agreement between Triple Canopy and a union of security officers detailing the terms of his employment agreement.  (Cabana Decl. ¶¶ 6-7; ECF No. 1-1 at 28-32.)  This agreement states that employees are "all security officers employed by the Company," (presumably Triple Canopy, now Paragon), "working inside and outside of Federal Buildings or other areas while under the control of the employer who are employed pursuant to a contract between the Company and the [DHS and FPS] Contract."  (ECF No. 1-1 at 29.)  The ID card plaintiff included in his exhibits says that he is a "contractor."  (*Id.* at 33.)  Plaintiff has not demonstrated that FPS or DHS exercised control over his employment.  Further, as the Federal defendants note, Paragon is a private corporation that provides security services to federal agencies such as FPS.  (ECF No. 21-1 at 2 (citing *Rabiech v. United States*, 2019 WL 5788673, at *2 (N.D. Cal. Nov. 6, 2019).)  Paragon is responsible for training its Protective Security Officers ("PSOs") and "provides all management, supervision, equipment, and certifications for PSOs."

*Rabiech*, 2019 WL 5788673, at *2.  Thus, the Federal defendants' motion to dismiss plaintiff's claim under 29 U.S.C. § 623 should be granted and plaintiff's claims dismissed without leave to amend as amendment would be futile.  *Cato*, 70 F.3d at 1105-06.

### 6.  Plaintiff's Remaining Claims Against the Federal Defendants

The Federal defendants argue that plaintiff's remaining claims fail to state a claim and should be dismissed because the complaint's "shotgun" or "kitchen sink" approach is disfavored. (ECF No. 21-1 at 7.)  Plaintiff's remaining claims are for conspiracy, breach of contract, constructive wrongful discharge, fraud, violation of Health Insurance Portability and Accountability Act ("HIPAA") and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), elder abuse, whistleblower retaliation, and ratification.  As to the claims for conspiracy, constructive wrongful discharge, fraud, elder abuse, whistleblower retaliation, and ratification, plaintiff has not shown that the Federal defendants in their official capacity have waived their sovereign immunity.  *Plater*, 359 F.Supp.3d at 937.  Therefore, the Federal defendants' motion to dismiss these claims should be granted and plaintiff's claims dismissed against the Federal defendants not appearing in their individual capacity without leave to amend. *Cato*, 70 F.3d at 1105-06.

#### a.  Claims for Constructive Wrongful Discharge and Whistleblower Retaliation

Plaintiff brings claims for constructive wrongful discharge and whistleblower retaliation against the Federal defendants.  (ECF No. 1-1 at ¶¶38, 48.)  However, these claims are related to employment, and plaintiff has not sufficiently alleged that he is employed by any of the Federal defendants.  Therefore, the Federal defendants' motion to dismiss these claims should be granted and these claims dismissed against the Federal defendants without leave to amend.  *Cato*, 70 F.3d at 1105-06.

#### b.  Conspiracy

Plaintiff alleges that individual Federal defendants Castrellon and Marquez conspired to steal his position at the SSA in Yuba City, California.  (ECF No. 1-1 at ¶ 34.)  Plaintiff alleges that FPS, DHS, and SSA ratified acts by doing nothing to respond to plaintiff's complaints.  (*Id.*)

There are multiple conspiracy claims, including under 42 U.S.C. § 1985, under 42 U.S.C. § 1983, and under California law, and it is unclear which law plaintiff intends to bring his claim under.

Liability exists for conspiracy under 42 U.S.C. § 1985(2), if

> [T]wo or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). A conspiracy claim under § 1985(2) requires a direct or indirect purpose to deprive any persons of the equal protection of the laws, or the equal privileges or immunities under the laws, and a class race-based animus. *See Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (en banc). Under section 1985(3), liability exists

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . .

42 U.S.C. § 1985(3). A racial, or other class-based, invidiously discriminatory animus is an indispensable element of the claim. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-69 (1993).

"To establish liability for a conspiracy in a § 1983 case, a plaintiff must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (citation omitted).

Under California law, conspiracy is not an independent tort. *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1024 (N.D. Cal. 2015) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Ca.4th 503, 510-11 (1994)). "A claim for conspiracy requires proof of commission of an underlying tort within the ambit of the conspiracy." *Id.*

Here, plaintiff has not provided sufficient facts to demonstrate that there was a conspiracy under any law. Plaintiff has not shown that any action by defendants was racially motivated, he has not shown that there was a constitutional violation, and he has not shown that there was an underlying tort violation. Therefore, plaintiff has failed to state a claim. *See Ashcroft*, 556 U.S.

14

at 678.  The Federal defendants' motion to dismiss plaintiff's conspiracy claim should be granted and the claim dismissed against Castrellon and Marquez without leave to amend.  *Cato*, 70 F.3d at 1105-06.

### c.  Breach of Contract

Plaintiff fails to state a breach of contract claim against the Federal defendants.  To state a claim for breach of contract, plaintiff must allege (1) the existence of a contract; (2) plaintiff's performance or excuse for the nonperformance of the contract; (3) defendants' breach of the contract; and (4) resulting damages.  *Armstrong Petroleum Corp. v. TriValley Oil & Gas Co.*, 116 Cal.App.4th 1375, 1391 n.6 (2004).

Plaintiff brings this claim against all defendants, but plaintiff's specific argument is about Paragon defendants Harris and O'Connor.  (ECF No. 1-1 at ¶ 36.)  Plaintiff does not allege any facts demonstrating that the Federal defendants in their individual capacity entered into a contract with plaintiff or breached that contract.  Therefore, plaintiff has failed to state a claim for breach of contract.  *See Ashcroft*, 556 U.S. at 678.  The Federal defendants' motion should be granted and this claim should be dismissed as to the Federal defendants without leave to amend.  *Cato*, 70 F.3d at 1105-06.

### d.  Fraud

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court,* 12 Cal.4th 631, 638 (1996).  Under Federal Rule of Civil Procedure 9(b), a claim of fraud must be plead with particularity.  Plaintiff brings this claim against all defendants, but specifically alleged that Dr. Realyvasquez falsified results of his fitness for duty exams.  (ECF No. 1-1 at ¶ 41.)  Plaintiff has not alleged facts showing any of the Federal defendants engaged in a misrepresentation or intended to defraud plaintiff.  Therefore, plaintiff has not stated a claim against any of the Federal defendants and this claim should be dismissed without leave to amend.  *See Ashcroft*, 556 U.S. at 678; *Cato*, 70 F.3d at 1105-06.

/////

15

### e.   Violation of HIPPA and CARES Act

Plaintiff's eighth cause of action is for violation of HIPPA and the CARES Act. (ECF No. 1-1 at ¶ 42.) Both of these actions fail because neither provides a private right of action. *See Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (HIPAA); *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1013 (9th Cir. 2023) (CARES Act).  Therefore, plaintiff's claim for violation of HIPAA and the CARES Act should be dismissed without leave to amend.  *See Franciscan Ceramics*, 818 F.2d at 1472.

### f.   Elder Abuse

To bring a claim for Elder Abuse plaintiff must demonstrate that a defendant: (1) subjected an elder to statutorily-defined physical abuse, neglect, or financial abuse; and (2) acted with recklessness, malice, oppression, or fraud in the commission of the abuse. *See Von Mangolt Hills v. Intensive Air, Inc.,* 2007 WL 521222, at *2 (N.D. Cal. Feb. 15, 2007).  Plaintiff does not bring this claim against any specific defendant and does not state any facts demonstrating that he was subjected to physical abuse, neglect, or financial abuse, or that any specific individual acted with recklessness, malice, oppression, or fraud.  Plaintiff alleges that defendants Castrellon and Marquez "struck plaintiff on the back in an offensive touching on July 7, 2022" and took his picture in the men's room.  (ECF No. 1-1 at ¶ 44.)  However, these conclusory allegations are not enough to show that either defendant subjected plaintiff to abuse. Therefore, plaintiff has failed to state a claim against any defendant and his claim should be dismissed without leave to amend.  *See Ashcroft*, 556 U.S. at 678.

### g.   Ratification

Plaintiff brings a claim for ratification against all defendants.  (ECF No. 1-1 at 23.) However, plaintiff does not allege any specific facts related to this claim.  A claim under a ratification theory can stem from a *Monell* theory of liability.  *See Dizon v. City of South San Francisco*, 2018 WL 5023354, at *3 (N.D. Cal. Oct. 16, 2018).  Under *Monell*, a government entity may not be held liable under Section 1983 unless a "policy or custom" of the entity can be shown to be a moving force behind the alleged constitutional violation.  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  A *Monell* claim under a theory of ratification exists

1    when "an official with final policymaking authority ratified a subordinate's unconstitutional

2    decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342,1346-47 (9th Cir.

3    1992). "[R]atification requires, among other things, knowledge of the alleged constitutional

4    violation." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).

5        Here, plaintiff's constitutional claims under § 1983 will be dismissed against the Federal

6    defendants due to sovereign immunity.  Therefore, plaintiff's ratification claim with respect to

7    these defendants should also be dismissed without leave to amend.

8        **D.  Paragon Defendants Motion to Dismiss (ECF No. 5)**

9        The Paragon defendants move to dismiss plaintiff's claims for failure to state a claim.

10    (ECF No. 5.)

11        **1.  Plaintiff's Federal Claims**

12        **a.  42 U.S.C. § 1983 Claims**

13        Plaintiff brings two constitutional claims against all defendants: violation of the Fifth and

14    Fourteenth Amendments, and violation of the First Amendment.  (ECF No. 1-1 at ¶¶ 40, 45.)

15    Generally, private parties do not act under color of state law.  *Price v. Hawaii*, 939 F.2d 702, 707-

16    08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)

17    ("When addressing whether a private party acted under color of state law, [the Court] start[s] with

18    the presumption that private conduct does not constitute governmental action.").  However, a

19    private entity's action may be "under color of state law" where there is "significant" state

20    involvement in the action.  *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted).

21    To determine whether actions committed by private actors that allegedly caused the deprivation

22    of a right are fairly attributable to the state, the court must determine whether the depriving party

23    is "a person who may fairly be said to be a state actor." *Florer v. Congregation Pidyon*

24    *Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted).  Courts have recognized

25    four tests to determine whether a private individual's actions amount to state action: (1) the public

26    function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental

27    nexus test.  *Franklin*, 312 F.3d at 445.  Satisfaction of any one test is sufficient to find state

28    action, so long as no countervailing factor exists.  *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002).

1    "While these factors are helpful in determining the significance of state involvement, there is no

2    specific formula for defining state action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d

3    826, 835-36 (9th Cir. 1999) (citation omitted).

4          Here, plaintiff has not adequately alleged that the Paragon defendants are state actors.  In

5    his opposition to the Paragon defendants' motion to dismiss, plaintiff states that Paragon is

6    "entwined and controlled by DHS/FPS."  (ECF No. 9 at 6.) Plaintiff also states that state action

7    may be found if there is a "close nexus" between the state and the private party.  (*Id.*)  Plaintiff

8    states in his complaint that FPS requested that he take a fitness for duty exam (ECF No. 1-1 at

9    ¶ 18), and attached an email showing this request (*id.* at 27).  The first version of the

10    governmental nexus test asks whether there is "pervasive entwinement of public institutions and

11    public officials in [the private actor's] composition and workings." *O'Handley v. Weber*, 62

12    F.4th 1145, 1157 (9th Cir. 2023) (citation omitted).  The second version asks whether government

13    officials have "exercised coercive power or [have] provided such significant encouragement,

14    either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* (citation

15    omitted).  Plaintiff has not alleged facts showing that Paragon and FPS or DHS are "entwined."

16    Plaintiff has also not shown that the government has exercised "coercive power" over Paragon.

17    While plaintiff has demonstrated that FPS requested that plaintiff's employer require him to

18    participate in a fitness exam, this is not enough to show that FPS exercised coercive power over

19    Paragon.  Further, plaintiff does not allege facts sufficient to demonstrate that the Paragon

20    defendants violated his constitutional rights.  Therefore, plaintiff fails to state a claim against the

21    Paragon defendants and his constitutional claims should be dismissed without leave to amend

22    because plaintiff has not shown that Paragon is a state actor.

23          **b.  Ratification**

24          Plaintiff brings a claim for ratification against all defendants.  (ECF No. 1-1 at 23.)

25    However, plaintiff does not allege any specific facts related to this claim.  As stated above, a

26    claim under a ratification theory stems from a *Monell* theory of liability.  Here, plaintiff's § 1983

27    claims against the Paragon defendants fail because they are not state actors.  Therefore, plaintiff's

28    ratification claim should be dismissed against the Paragon defendants without leave to amend.

### c.  Violation of HIPAA/CARES Act

As discussed above, plaintiff's claims under HIPAA and the CARES Act fail because there is no private right of action.  These claims against the Paragon defendants should be dismissed without leave to amend.

### d.  Age Discrimination Under 29 U.S.C. § 623

Plaintiff brings a claim for age discrimination under the ADEA, 29 U.S.C. § 623, against all defendants.  (ECF No. 1-1 at ¶ 46.)  Plaintiff alleges that he was put on administrative leave without pay after filing a complaint against Castrellon and Marquez for harassment, ethnic, and age discrimination.  (*Id.* at ¶ 18.)  Plaintiff also states that he was forced to take a fitness for duty examination.  (*Id.*)

Plaintiff has alleged that he is over forty years old.  (*Id.* at ¶ 46.)  He alleges that he was placed on administrative leave for no reason, and that he arrived to work early and left "timely." (*Id.* at 18.)  Plaintiff has not sufficiently alleged facts showing that he was performing his job satisfactorily or that he was replaced by a substantially younger employee with equal or inferior qualifications.  *See Reeves*, 530 U.S. at 142.  Therefore, plaintiff's claims against the Paragon defendants should be dismissed for failure to state a claim.  However, plaintiff is granted leave to amend to the extent he can allege additional facts.

### e.  Discrimination Under 42 U.S.C. § 2000d

Plaintiff brings a claim under 42 U.S.C. § 2000d against all defendants.  (ECF No. 1-1 at 23.)  Plaintiff fails to state a claim against the Paragon defendants because plaintiff has not alleged that Paragon receives federal funding.  A claim under Title VI also does not apply to individual defendants.  *See Santos*, 2008 WL 2622792, at *2. Therefore, plaintiff's claim against the Paragon defendants should be dismissed without leave to amend.

### f.  Whistleblower Retaliation

Plaintiff brings a claim for "whistleblower retaliation" but does not bring this claim against any specific defendant.  Plaintiff states that FPS action requiring plaintiff to take a fitness exam was in violation of the "whistleblower statutes" and cites 5. U.S.C. § 2302(b)(8).  The Whistleblower Protection Act prohibits taking or threatening to take a personnel action against a

1  federal employee because of any disclosure of information by the employee that he reasonably

2  believes evidences a violation of any law, rule, or regulation; a gross waste of funds; or an abuse

3  of authority.  *See* 5 U.S.C. § 2302(b)(8).  "The applicable statutes and regulations establish a

4  comprehensive scheme whereby federal employees can obtain administrative and judicial review

5  of their WPA claims."  *Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016).

6          Here, plaintiff brings this claim against the Paragon defendants, which are not federal

7  employers.  Plaintiff also is not a federal employee.  Therefore, plaintiff fails to state a claim

8  under the Whistleblower Protection Act, and this claim should be dismissed without leave to

9  amend.

10                          **g.  Conspiracy**

11          Plaintiff alleges that individual federal employees conspired to steal his position at the

12  SSA in Yuba City, California.  (ECF No. 1-1 at ¶ 34.)  Plaintiff also alleges the defendants

13  O'Connor and Harris conspired against plaintiff when he passed the fitness test that was

14  wrongfully ordered.  (*Id.*)  He alleges that Paragon, along with the federal agencies named in this

15  action ratified acts by doing nothing to respond to plaintiff's complaints.  (*Id.*)

16          Here, plaintiff has not provided sufficient facts to demonstrate that there was a conspiracy

17  under any law.  Plaintiff has not shown that any action by defendants was racially motivated, he

18  has not shown that there was a constitutional violation, and he has not shown that there was an

19  underlying tort violation.  Therefore, plaintiff fails to state a claim for conspiracy and his claim

20  against the Paragon defendants should be dismissed without leave to amend.

21                      **2.  Plaintiff's State Law Claims**

22                          **a.  Breach of Contract**

23          Plaintiff brings a breach of contract claim against all defendants.  The complaint alleges

24  that defendants breached a verbal contract entered into by O'Connor and Harris to return plaintiff

25  to work as a PSO once he passed his fitness for duty exam.  (ECF No. 1-1 at ¶ 36.)  Plaintiff

26  states that he passed his fitness exam but was not returned to work.  (*Id.*)

27          Here, plaintiff has not sufficiently alleged that there was a contract in place between

28  defendants and plaintiff.  *See Armstrong Petroleum Corp.*, 116 Cal.App.4th at 1390.  Therefore,

1   plaintiff has failed to state a claim and this claim should be dismissed as to the Paragon

2   defendants with leave to amend to the extent plaintiff can allege additional facts.

3   **b. Tortious Interference with Contract**

4      Plaintiff brings a claim of tortious interference with contract against the Paragon

5   defendants and alleges they interfered with a collective bargaining agreement by stealing

6   plaintiff's position at the SSA in Yuba City, California.  (ECF No. 1-1 at ¶ 37.)  The elements of a

7   intentional tortious interference with contract claim are "(1) a valid contract between plaintiff and

8   a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed

9   to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption . . .

10  and (5) resulting damage."  *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998).

11     Here, plaintiff has not established that a valid contract was in place, therefore plaintiff has

12  failed to state a claim.  Plaintiff's claim against the Paragon defendants should be dismissed with

13  leave to amend to the extent plaintiff can allege additional facts.

14  **c. Constructive Wrongful Discharge**

15     Plaintiff brings a claim for "constructive wrongful discharge" against all defendants.

16  (ECF No. 1-1 at ¶ 38.)  The court assumes that plaintiff is referring to the tort of wrongful

17  discharge in violation of public policy under California law, i.e., a *Tameny* claim.  *See Tameny v.*

18  *Atl. Richfield Co.*, 27 Cal. 3d 167 (1980).  The elements of a claim for wrongful termination in

19  violation of public policy are: (1) an employer-employee relationship; (2) an adverse employment

20  action, (3) that the adverse employment action violated public policy, and (4) the adverse

21  employment action caused the employee damages.  *See Haney v. Aramark Uniform Servs., Inc.*,

22  121 Cal.App.4th 623, 641 (2004).  "[A] *Tameny* action for wrongful discharge can only be

23  asserted against an employer.  An individual who is not an employer cannot commit the tort of

24  wrongful discharge in violation of public policy; rather, he or she can only be the agent by which

25  an employer commits that tort."  *Miklosy v. Regents of Univ. of Cal.*, 44 Cal.4th 876, 900 (2008)

26  (emphasis omitted).

27     Here, plaintiff has alleged that he was wrongfully discharged from his position "as a PSO

28  for Homeland Security/Federal Protective Services."  (ECF No. 1-1 at ¶ 38.)  He also alleges that

1    he was put on administrative leave without pay after he filed an EEO complaint against FPS

2    officers Castrellon and Marquez for harassment and ethnic and age discrimination.  (ECF No. 1-1

3    at ¶ 18.)  It is not clear who plaintiff is bringing this claim against.  As discussed above, plaintiff

4    was not an employee of FPS or DHS.  Therefore, plaintiff has failed to state a claim against the

5    Paragon defendants, and this claim should be dismissed with leave to amend to the extent plaintiff

6    can allege additional facts.

7                              **d.   Interference with Economic Advantage**

8            Plaintiff brings a claim for interference with economic advantage against all defendants

9    and alleges that defendants willfully interfered with plaintiff's economic advantage and cost him

10   $100,000.  (ECF No. 1-1 at ¶ 39.)  To state a claim for intentional interference with prospective

11   economic advantage, plaintiff must show: "(1) an economic relationship between the plaintiff and

12   some third party, with the probability of future economic benefit to the plaintiff"; "(2) the

13   defendant's knowledge of the relationship"; "(3) intentional acts on the part of the defendant

14   designed to disrupt the relationship"; "(4) actual disruption of the relationship"; and

15   "(5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Youst v.*

16   *Longo*, 43 Cal.3d 64, 71 n.6 (1987) (citation omitted).

17           Here, plaintiff has not established an economic relationship with an entity other than

18   Paragon.  Therefore, plaintiff fails to state a claim and the claim for interference with economic

19   advantage should be dismissed without leave to amend. *See Ashcroft*, 556 U.S. at 678.

20                                          **e.   Fraud**

21           Plaintiff brings a claim for fraud against all defendants, but only specifically discusses Dr.

22   Realyvrasquez, who has not been served, alleging that the doctor falsified his fitness exam results.

23   (ECF No. 1-1 at ¶ 41.) Plaintiff has not provided facts sufficient to show that the Paragon

24   defendants made a knowing misrepresentation with the intent to defraud plaintiff.  Therefore,

25   plaintiff has failed to state a claim and this claim should be dismissed without leave to amend. *See*

26   *Ashcroft*, 556 U.S. at 678.

27                                       **f.   Elder Abuse**

28           Plaintiff does not bring this claim against any specific defendant and does not state any

                                                    22

1   facts demonstrating that he was subjected to physical abuse, neglect, or financial abuse or that any

2   specific individual acted with recklessness, malice, oppression, or fraud.  Therefore, plaintiff has

3   failed to state a claim against any defendant and his claim should be dismissed without leave to

4   amend.  *See Ashcroft*, 556 U.S. at 678.

5   ### g.  Assault & Battery

6   Plaintiff brings a claim for assault and battery against all defendants.  (ECF No. 1-1 at

7   ¶ 44.)  Plaintiff alleges that all defendants forced him to undergo unnecessary treadmill tests,

8   pushups, sit ups, and other unnecessary tests.  (*Id.*)  Under California civil law, a claim for assault

9   must allege: "(1) that [d]efendants intended to cause harmful or offensive contact, or the

10  imminent apprehension of such contact, and (2) that [p]laintiff was put in imminent apprehension

11  of such contact."  *Garcia v. City of Merced*, 637 F.Supp.2d 731, 747 (E.D. Cal. 2008).  "The

12  elements of a battery claim in California are that (1) the defendant intentionally did an act that

13  resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not

14  consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff."

15  *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007).

16  Here, plaintiff has not sufficiently alleged that the Paragon defendants intended to cause

17  plaintiff a harmful or offensive contact, or that defendants did intentionally harm or offend

18  plaintiff.  Therefore, plaintiff has failed to state a claim against the Paragon defendants for assault

19  and battery and this claim should be dismissed without leave to amend.  *See Ashcroft*, 556 U.S. at

20  678.

21  ## VI.    Plaintiff's Motion for Summary Judgment and Motion for Default Judgment

22  On October 7, 2024, plaintiff filed a motion for summary judgment and motion for default

23  judgment against defendants Paragon and Richard Castrellon.  (ECF No. 9.)  The Paragon

24  defendants opposed both motions.  (ECF Nos. 12, 14.)  Because the undersigned is

25  recommending that plaintiff's claims against all defendants be dismissed, plaintiff's motion for

26  summary judgment (ECF No. 9) should be DENIED AS MOOT.

27  Under Federal Rule of Civil Procedure 55(c), a party may apply to the court for default

28  judgment.  Default judgements are generally disfavored, and cases should be decided on the

1    merits whenever possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  Here,

2    defendants Paragon and Castrellon have participated extensively in the case by filing a motion to

3    dismiss and by opposing plaintiff's motion for summary judgment and motion for default.

4    Therefore, the Court recommends that plaintiff's request for default judgment be DENIED AS

5    MOOT.

6    **VII.    Plaintiff's Motion for Sanctions**

7         Plaintiff brings a motion for sanctions against defendants DHS, FPS, and Paragon under

8    Federal Rule of Civil Procedure 11.  (ECF No. 30.)  Plaintiff argues that the Federal defendants'

9    brief misrepresents the facts and law, that defense counsel falsely stated that plaintiff was an

10   attorney because he was disbarred, and that Paragon's counsel misrepresented "the default filed in

11   the state court record before removal."  (*Id.*)  All defendants opposed the motion (ECF Nos. 37,

12   38) and plaintiff filed a reply (ECF No. 41).

13        "Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a party or their

14   attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous,

15   has no evidentiary support, or is not warranted by the evidence."  *Washington v. Young*, 2019 WL

16   950252, at *2 (E.D. Cal. Feb. 27, 2019).  A party moving for Rule 11 sanctions bears the burden

17   to show why sanctions are justified.  *See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834

18   F.2d 833, 837 (9th Cir. 1987). "Rule 11 is an extraordinary remedy, one to be exercised with

19   extreme caution."  *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir.

20   1988).

21        Here, plaintiff is seeking sanctions because the Federal defendants allegedly

22   misrepresent[] the facts and law" in their motion to dismiss, make "knowingly false statements

23   regarding" FPS and Paragon's relationship, falsely claim plaintiff is an attorney, and because the

24   Paragon defendants allegedly made misrepresentations regarding default.  (ECF No. 30.)  Plaintiff

25   has not demonstrated why sanctions are justified here.  Defendants are entitled to make arguments

26   and litigate their case, and presenting arguments contrary to plaintiff's does not make them

27   "frivolous" or improper.  Therefore, plaintiff's motion for sanctions is denied.

28   /////

**VIII.    Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants Paragon Systems, Debra Harris, and Steven O'Connor's requests for judicial notice (ECF Nos. 6, 13) are DENIED;

2. Plaintiff's motion for sanctions (ECF No. 30) is DENIED; and

3. Plaintiff's motion to strike (ECF No. 35) is DENIED AS MOOT.

IT IS HEREBY RECOMMENDED that:

1. Defendants Federal Protective Service ("FPS"); Department of Homeland Security ("DHS"); and Social Security Administration ("SSA"); Richard Castrellon; Robert Marquez; and Sheila Sharma's motion to dismiss (ECF No. 21) be GRANTED without leave to amend.

2. The Paragon defendants' motion to dismiss (ECF No. 5) be GRANTED;

    a. The following claims be dismissed with leave to amend:

        i. Age discrimination under 29 U.S.C. § 623;

        ii. Breach of contract

        iii. Tortious interference with contract;

        iv. Constructive wrongful discharge;

    b. The following claims be dismissed without leave to amend:

        i. Conspiracy

        ii. Whistleblower retaliation;

        iii. HIPAA and CARES Act;

        iv. Violation of the First Amendment;

        v. Violation of the Fifth and Fourteenth Amendment;

        vi. Ratification;

        vii. Discrimination under 42 U.S.C. § 2000d;

        viii. Interference with economic advantage;

        ix. Fraud;

        x. Elder abuse;

xi.   Assault and battery; and

3.   The non-served defendants John Hodek, Darin Biggers, Fidel Realyvasquez, Jr., and Sacramento Occupational Medical Group be dismissed.

4.   Plaintiff's motion for summary judgment (ECF No. 9) be DENIED AS MOOT;

5.   Plaintiff's motion for default judgment (ECF No. 9) be DENIED AS MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 21, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, enge.2479.24

26