UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS M. ENGEL, | No. 2:24-cv-02479-DJC-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| PARAGON SYSTEMS, INC., et al., | |
| Defendants. | |

Plaintiff proceeds in this action in pro per.  This matter is before the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

On April 21, 2025, the Magistrate Judge filed Findings and Recommendations (ECF No. 45), which were served on the parties and which contained notice that any objections to the Findings and Recommendations were to be filed within fourteen days.  On May 2, 2025, Plaintiff filed Objections to the Findings and Recommendations.  (ECF No. 49.)  On May 05, 2025, Defendants Federal Protective Service ("FPS"); Department of Homeland Security ("DHS"); and Social Security Administration ("SSA"); Richard Castrellon; Robert Marquez; and Sheila Sharma's ("Federal Defendants") filed a Response to Plaintiff's Objections (ECF No. 50), and on May 12, 2025, Defendants Paragon Systems, Inc.; Debra Harris; and Steven O'Connor

1

("Paragon Defendants") filed a Response to the Objections (ECF No. 52).  On May 12, 2025, Plaintiff filed a reply to Federal Defendants' Response (ECF No. 54).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a review of this case.  Having carefully reviewed this matter, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

The Court notes that on two instances in the Findings and Recommendations, the Magistrate Judge referenced information outside of the Complaint.  Generally, on a motion to dismiss, the Court must accept as true the allegations in the Plaintiff's Complaint.  *See* Fed. R. Civ. P. 12(d); *see also Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).  However, in both instances in the Findings and Recommendations where information outside the Complaint is referenced, the Magistrate Judge's ruling is correct even if this information was not considered.

During the discussion of the application of the Federal Tort Claims Act ("FTCA") to Plaintiff's tort claims, the Magistrate Judge referenced statements from FPS and DHS that no record exists of Plaintiff filing an administrative claim.  (ECF No. 45 at 9.)  However, this information is ultimately irrelevant to the Magistrate Judge's determination that Plaintiff had failed to adequately allege compliance with the FTCA.  As the Magistrate Judge correctly noted, Plaintiff's Complaint does not plead compliance with the FTCA or allege any facts establishing compliance.[1]  As such, dismissal of these claims is appropriate.  *Gartner v. S.E.C.*, 913 F. Supp. 1372, 1381 (C.D. Cal. 1995) ("Exhaustion of administrative remedies should be alleged in the complaint or the court may dismiss the complaint for lack of jurisdiction.")  The information from Defendants is relevant, however, to the determination as to whether

---

[1] In his objections, Plaintiff argues that he complied with the FTCA based on his filing with the EEOC. (ECF No. 49 at 3.)  As noted by the Magistrate Judge in the Findings and Recommendations, an EEOC complaint does not satisfy the administrative exhaustion requirements of the FTCA which require a claim be presented to "the appropriate Federal Agency . . . ."  28 U.S.C. § 2675(a); *see also Fairley v. Potter,* No. 01-cv-1363-VRW, 2003 WL 403361, at *5–6 (N.D. Cal. Feb. 13, 2003).

to grant leave to amend.  See *Halousek v. Cal. Pub. Emps.' Ret. Sys.*, No. 2:23-cv-00839-KJM-CSK, 2024 WL 3252947, at *3 (E.D. Cal. July 1, 2024) (citing *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)).  On that basis, the Magistrate Judge appropriately determined that amendment would be futile.  (ECF No. 45 at 9.)

Later in the Findings and Recommendations, the Magistrate Judge also referenced information introduced by Defendants to show that Plaintiff was not an employee of FPS or DHS.  (ECF No. 45 at 12.)  Again, while consideration of this information for purposes of dismissal is inappropriate, the Magistrate Judge also noted that attached to and incorporated into Plaintiff's Complaint is the employment agreement that expressly states that employees are "employed by the Company[,]" "under the control" of the Company, and working under with FPS and DHS under a contract between the Company and DHS/FPS.  (ECF No. 1-1 at 29.)  Also attached to and referenced in the Complaint is Plaintiff's personal identification verification card from his employment, which marks Plaintiff as a "contractor" with DHS and FPS.  (*Id.* at 3, 33.)  This information, fully contained within the Complaint, is sufficient to establish that Plaintiff's allegation that he was an employee of FPS and DHS is not plausible.  Thus, the Findings and Recommendations appropriately found that the Complaint fails to state a claim under 29 U.S.C. § 623.  The Magistrate Judge also appropriately determined that amendment on this point would be futile based in part on the additional information provided by Defendants.  *See Halousek*, 2024 WL 3252947, at *3.

Finally, on April 28, 2025, Plaintiff filed a Notice of Dismissal (ECF No. 46) and a Motion to Remand (ECF No. 47).  The Federal Defendants opposed the Notice of Dismissal (ECF No. 48), and the Paragon Defendants opposed the Motion to Remand (ECF No. 53).  On May 20, 2025, Plaintiff withdrew his Notice of Dismissal and Motion to Remand.  (ECF No. 55.)  The Court denies as moot Plaintiff's Notice of Dismissal and Motion to Remand as untimely and because the Federal Defendants are, by this order,

dismissed without leave to amend.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations (ECF No. 45) are ADOPTED IN FULL;
2. Defendants Federal Protective Service ("FPS"); Department of Homeland Security ("DHS"); and Social Security Administration ("SSA"); Richard Castrellon; Robert Marquez; and Sheila Sharma's Motion to Dismiss (ECF No. 21) is GRANTED without leave to amend;
3. The Paragon Defendants' Motion to Dismiss (ECF No. 5) is GRANTED;
    a. The following claims are dismissed with leave to amend:
        i. Age discrimination under 29 U.S.C. § 623;
        ii. Breach of contract
        iii. Tortious interference with contract;
        iv. Constructive wrongful discharge;
    b. The following claims are dismissed without leave to amend:
        i. Conspiracy
        ii. Whistleblower retaliation;
        iii. HIPAA and CARES Act;
        iv. Violation of the First Amendment;
        v. Violation of the Fifth and Fourteenth Amendment;
        vi. Ratification;
        vii. Discrimination under 42 U.S.C. § 2000d;
        viii. Interference with economic advantage;
        ix. Fraud;
        x. Elder abuse;
        xi. Assault and battery; and
4. The non-served defendants John Hodek, Darin Biggers, Fidel Realyvasquez, Jr.,

---

[2] Further, dismissal at this stage of the case requires a court order. *See* Fed. R. Civ. P. 41(a).

4

1    and Sacramento Occupational Medical Group are dismissed;

2    5. Plaintiff's motion for Summary Judgment (ECF No. 9) is DENIED AS MOOT;

3    6. Plaintiff's motion for Default Judgment (ECF No. 9) is DENIED AS MOOT;

4    7. Plaintiff's Notice of Dismissal (ECF No. 46) is DENIED AS MOOT; and

5    8. Plaintiff's Motion to Remand is (ECF No. 47) DENIED AS MOOT.

Dated: September 26, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE