UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ENGEL,

Plaintiff,

v.

PARAGON SYSTEMS, INC., ET AL,

Defendant.

Case No. 2:24-cv-02479-DJC-CKD (PS)

FINDINGS AND RECOMMENDATIONS

(ECF No. 75)

Pending before the Court is Plaintiff Julius Engel's motion for relief under Federal Rule of Civil Procedure 54(b). [1] (ECF No. 75.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the February 18, 2026, hearing.

For the reasons that follow, the Court recommends denial of Plaintiff's motion for relief.

## I.     BACKGROUND

Plaintiff brought this action against the Federal and Paragon defendants, and also against John Hodek, Darin Biggers, Fidel Realyvasquez, Jr., and Sacramento Occupational Medical Group. Defendants John Hodek, Darin Biggers, Fidel Realyvasquez, Jr., and the Sacramento Occupational Medical Group have not appeared in the case. *See* Docket. Plaintiff brought claims

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

for conspiracy, breach of contract/settlement agreement, tortious interference with contract, constructive wrongful discharge, interference with economic advantage, violation of due process, fraud, violation of HIPPA, elder abuse, assault and battery, violation of the First Amendment, age discrimination, racial discrimination, whistleblower retaliation, and ratification against all defendants. (ECF No. 1-1 at 2.) Plaintiff brought these claims against individual defendants Castrellon and Marquez in their official and individual capacities.

Plaintiff alleged that he was "employed as a PSO (protective service officer) by FPS" and that "Paragon provided ancillary services for FPS such as payroll and scheduling and issuing equipment." (ECF No. 1-1 at ¶ 1.) Paragon replaced the company Triple Canopy. *Id*. at ¶ 2. Plaintiff alleges that he won a bid for a position at the Yuba City, California Social Security office. *Id*. at ¶ 17. Plaintiff claims that he filed a complaint with the EEOC in October 2022 against defendants Castrellon and Marquez who are allegedly FPS officers. *Id*. at ¶ 18. Later that month, plaintiff was put on administrative leave without pay. *Id*. Plaintiff had to undergo multiple exams to determine if he was fit for duty. *Id*. at ¶¶18, 19.

Plaintiff was examined at Sacramento Occupational Medical Group by Dr. Vasquez. *Id*. at ¶ 20. Plaintiff states that he had multiple tests conducted by Dr. Vasquez and alleges that Dr. Vasquez improperly administered the tests or doctored the results so plaintiff would not pass. *See Id*. at ¶¶ 20-30.

Plaintiff further alleges that in April 2023, he entered into a contract with Paragon stating that if he passed the fitness for duty exam, he would be allowed to return to work. *Id*. at ¶ 31. Plaintiff alleges that he has exhausted his administrative remedies through the EEOC. *Id*. at ¶ 33.

Plaintiff filed his complaint in Sacramento Superior Court on July 11, 2024. (ECF No. 1-1 at 2.) On September 11, 2024, defendants FPS, DHS, and SSA removed this action to this Court pursuant to 28 U.S.C. § 1442(a)(1) because these defendants are federal agencies. On September 18, 2024, the Paragon defendants filed a motion to dismiss and a request for judicial notice. (ECF Nos. 5, 6.) Plaintiff opposed the motion, and at the same time filed a motion for summary judgment and motion for default judgment. (ECF No. 9.) The Paragon defendants filed a reply (ECF No. 10), filed an opposition to the motion for default judgment (ECF No. 12), and filed

2

objections to plaintiff's motion for summary judgment (ECF No. 12). Plaintiff filed a reply to the motion for summary judgment and a supplement to his reply. (ECF Nos. 15, 17, 18.)

On November 18, 2024, the federal defendants filed a motion to dismiss plaintiff's complaint. (ECF No. 21.) On January 6, 2025, Plaintiff filed a motion for sanctions (ECF No. 30) and then filed a motion to strike and supplement the motion for sanctions (ECF No. 35). On April 21, 2025, the undersigned denied the motion for sanctions, denied the motion to strike as moot, and recommended that Plaintiff's claims against the Paragon defendants for age discrimination under 29 U.S.C. § 623, breach of contract, tortious interference with contract, and constructive wrongful discharge be dismissed with leave to amend (ECF No. 45). Further, the undersigned recommended that Plaintiff's conspiracy, whistleblower retaliation, HIPAA and CARES Act, First, Fifth, and Fourteenth Amendment, ratification, discrimination under 42 U.S.C. § 2000d, interference with economic advantage, fraud, elder abuse, and assault and battery claims against the Paragon defendants be dismissed without leave to amend. *Id*. at 25-26. The Court also recommended dismissal of defendants FPS, DHS, SSA, Richard Castrellon, Robert Marquez, and Shelia Sharma without leave to amend. *Id*. at 25. Finally, the Court recommended dismissal of the non-served defendants John Hodek, Darin Biggers, Fidel Realyvasquez, Jr., and Sacramento Occupational Medical Group. *Id*. at 26.

The District Court issued an order adopting the findings and recommendations in full on September 29, 2025. (ECF No. 66.) Plaintiff filed a notice of appeal on October 9, 2025. (ECF No. 68.) Plaintiff's notice of appeal was dismissed on December 18, 2025. (ECF No. 73.) On January 7, 2026, Plaintiff filed a motion for the case to be held as an interlocutory appeal under FRCP 54(b) and 28 U.S.C. § 1291. (ECF No. 75.) Defendants filed objections on January 22, 2026. (ECF No. 76.)

II.   **LEGAL STANDARDS**

  A.  **Rule 54(b) Motion for Relief**

"Rule 54(b) provides that '[w]hen more than one claim is presented in an action, … the Court may direct entry of final judgment as to one or more but fewer than all of the claims… only upon an express determination that there is no just reason for delay and upon express direction for

the entry of judgment.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 877 (9th Cir. 2005). When determining whether a Rule 54(b) motion is proper, the Court must determine whether it is dealing with a "final judgment." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). A final judgment must be a "decision upon a cognizable claim of relief" that is the "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id. quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956).

The Court must then decide whether there is any just reason for delay. *Wood*, 422 F.3d at 878. This decision is left within the Court's discretion and is to be exercised in the "interest of sound judicial administration." *Id*. Factors for analysis include "whether the claims under review were separable than the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the issue more than once even if there were separate appeals. *Curtiss-Wright*, 446 U.S. at 8. Consideration of this interest is vital to "assure that application of [Rule 54(b)] effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id*.

**III.    DISCUSSION**

Plaintiff requests relief from the Court under Rule 54(b) and leave to amend to file an interlocutory appeal (ECF No. 75). It is difficult to discern from Plaintiff's motion what claims he would wish the Court to grant jurisdiction for an interlocutory appeal. Plaintiff asks the Court find

> [that the Court] is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall state so in writing in such order.

*Id*. at 2. Plaintiff does not further elaborate on such grounds. Plaintiff proceeds to argue that the Court decided issues incorrectly in its initial order, including whether Plaintiff had adequately pled exhaustion and whether defendant Paragon was a state actor, without naming individual causes of action. *Id*. at 2-3.

To determine whether Plaintiff is entitled to relief under Rule 54(b), the Court must first determine whether Plaintiff has been subject to a final judgment. *Curtiss-Wright*, 446 U.S. at 7.

4

While Plaintiff does not explicitly state so in his motion, it appears that he is asking the Court to grant him an interlocutory appeal on the dismissal of several causes of action and individual co-defendants without leave to amend in the District Court's prior order. Since dismissal without leave to amend was the "ultimate disposition of an individual claim entered in the course of a multiple claims action," this is a final judgment for the purposes of Rule 54(b). *Id. quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956); *see also Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022).

The Court's next inquiry is whether there is any just reason for delay. *Wood*, 422 F.3d at 878. Defendants argue that Plaintiff fails to demonstrate grounds for relief because he has not shown that the claims that were dismissed without leave to amend are sufficiently separable from the claims dismissed with leave to amend. Plaintiff has also failed to demonstrate that an appeal would promote judicial economy. Defendants assert that such an appeal would likely create "piecemeal appellate review, duplicate efforts, and increase the risk of inconsistent rulings" (ECF No. 76). The Court agrees.

Plaintiff has not shown that the facts within his remaining claims are sufficiently severable from his dismissed claims. This ambiguity gives the Court concern over the judicial economy of certifying a Rule 54(b) motion by risking the creation of piecemeal appeals. *See Wood*, 422 F.3d at 880 (finding that a Plaintiff's legal right to relief stemming "largely from the same set of facts would give rise to successive appeals that would term largely on identical, interrelated facts," to weigh against a finding of judicial economy).

Plaintiff's motion for relief also contains a request for stay of proceedings under 28 U.S.C. § 1292(b), which allows the Court to stay proceedings if Plaintiff were to file an appeal after being granted appellate jurisdiction on requested claims. Plaintiff also requests subsequent leniency on a ten-day period where Plaintiff may make an appeal if appellate jurisdiction is granted, and a request for an order to show cause. Because Plaintiff's initial request for relief should be denied under Rule 54(b), there is no appellate jurisdiction as to Plaintiff's claims that were dismissed without leave to amend. Therefore, Plaintiff's request for a stay of proceedings and subsequent leniency on a ten-day period is moot.

Plaintiff's motion also requests an order to show cause regarding parties that have been dismissed from the lawsuit without leave to amend, such as "DHS and its agents." As DHS has been dismissed from the action without leave to amend, Plaintiff's request for an order to show cause against should also be denied.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Motion for Relief under Federal Rule 54(b) (ECF No. 75) be denied;

2. Plaintiff's request for a stay of proceedings under 28 U.S.C. § 1292(b) be denied; and

3. Plaintiff's request for an order to show cause be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 23, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, enge.2479

6